**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SEAN CHRISTOPHER DALE,**

                              **Plaintiff,**

            **v.**                                          **CASE NO. 20-3149-SAC**

**KEVIN FRIEND,**
**Linn County Sheriff,**

                              **Defendant.**

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

        Plaintiff Sean Christopher Dale, a prisoner at the Linn County Jail (LCJ) in Mound City,

Kansas, at the time of filing, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff proceeds *in forma pauperis*.  For the reasons discussed below, Plaintiff is ordered to show

cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

        Plaintiff's Complaint (ECF No. 1) alleges his constitutional rights were violated when he

was not given his prescribed medications or prescribed medical shoes for some period of time after

he arrived at the LCJ.  He also complains he was made to sleep on the floor, was charged $10.00

per prescription, was not allowed to see a doctor for a physical, and was denied a face mask.

Plaintiff further alleges that the LCJ does not have a law library, contains a large amount of black

mold, and does not have posted or available Prison Rape Elimination Act (PREA) access.

Plaintiff names as defendant Kevin Friend, the Sheriff of Linn County.  He claims violation of his rights under the Eighth and Fifth Amendments.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Conditions of Confinement

Plaintiff alleges that he was exposed to "excessive amounts of black mold" while at the LCJ. ECF No. 1, at 2. He also complains about being made to sleep on the floor because no lower bunk was available. Id. at 3.

In the Tenth Circuit, a pretrial detainee's due process rights parallel that of an inmate's Eight Amendment rights. *Lopez v. LeMaster,* 172 F.3d 756, 759 n. 2 (10th Cir. 1999) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979)). A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by

taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id.* "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.* It is not enough to establish that the official should have known of the risk of harm. *Id.*

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls ... the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations ...' may meet the standard despite a shorter duration." *Id.* (citations omitted).

Plaintiff's allegations regarding mold are sparse and completely conclusory. Plaintiff does not claim the mold has been determined to be toxic "black mold," as opposed to mold that is simply black in color. *See Silsby v. Sloan*, 2019 WL 2107321, *3 (N.D. Ohio May 14, 2019). Plaintiff

does not state how long he has been exposed to the alleged conditions.  He does not describe the extent of the mold or whether any efforts have been made to remove it.  A "bare allegation of [the presence of] mold ... does not create a reasonable inference regarding the sort of threat to [a plaintiff's] mental or physical well being which is necessary for violation of the Eighth Amendment."  *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 F. App'x 111 (10th Cir. Feb. 11, 2004)).  The mere presence of mold does not suggest the LCJ contravenes society's "evolving standards of decency" so as to constitute a violation of the Eighth Amendment.  *Rhodes*, 452 U.S. at 346.

Plaintiff also complains of having to sleep on the floor for an unspecified period of time and for being denied a face mask upon arrival.  Plaintiff does not include sufficient factual allegations to state a claim for violation of his Eighth Amendment rights.  Plaintiff's allegations do not constitute the types of conditions that violate the Eighth Amendment; "extreme deprivations are required."  *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).

### B.  Law Library

Plaintiff complains that the LCJ has no law library.  In order to bring a civil rights claim under § 1983 for the denial of a right of access to the courts, Plaintiff must allege an actual injury or an imminent actual injury because of the loss or frustration of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)(a prisoner does not have "an abstract, freestanding right to a law library or legal assistance" and therefore "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"); *Brooks v. Colorado Dept. of Corrections*, 762 F. App'x 551, 558-59 (10th Cir.) *cert. denied*, 140 S. Ct. 207 (2019)(general allegations of interference with ability to bring legal claims do not suffice to show denial of access to the courts); *McBride v. Deer*, 240 F.3d 1287,

1290 (10th Cir. 2001)(plaintiff must do more than make a conclusory allegation that library and resources were inadequate).   Here, Plaintiff does not allege facts plausibly describing a nonfrivolous legal claim which has been frustrated or impeded by a lack of access to courts or which may be lost by such a lack of access.   *Simmons v. Kline*, No. 20-3096-SAC, 2020 WL 3057886, at *5 (D. Kan. June 9, 2020).

### C.  Medical Claims

Claims related to medical care in prison also fall under the Eighth Amendment.  An inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

Here, Plaintiff claims he did not receive prescribed medication after his arrival at LCJ.  He does not state which medication or what conditions they were prescribed to treat.  Similarly, he complains he was denied his "medical shoes" but does not explain what they are, why he needed them, whether he requested them, who refused to provide them, or any other details.  Plaintiff's vague allegations are not sufficient to state a claim for violation of his constitutional rights.

Plaintiff also alleges that the LCJ wanted to charge him $10.00 for each of his prescriptions. Again, Plaintiff's Complaint does not include sufficient factual allegations to state a claim.  Courts have upheld the practice of charging inmates for medical services against Eighth Amendment and due process challenges. *Harper v. Tritt*, 726 F. App'x 101, 103 (3rd Cir. 2018) ("There is nothing unconstitutional about a prison program that requires an inmate to pay for a small portion of his

medical care so long as the provision of needed medical care is not conditioned on an inmate's ability or willingness to pay."); *Tijerina v. Patterson*, 507 F. App'x 807, 810 (10th Cir. 2013) ("Although a state must provide inmates with basic medical care, . . . we are not aware of any authority suggesting such care must be provided free of charge with respect to prisoners who have the ability to pay."); *Cannon v. Mason*, 340 F. App'x 495, 499 (10th Cir. 2009) ("The fact the prison's policy requires inmates with adequate resources to pay a small cost for their health care is not unconstitutional."); *Bailey v. Carter*, 15 F. App'x 245 (6th Cir. 2001) (requiring an inmate to make a three dollar co-pay for medical treatment does not violate the Eighth or Fourteenth amendments); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (policy requiring inmates to pay for their medications if they can afford to do so did not violate constitution); *Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (rejecting argument that charging inmates for medical care is *per se* unconstitutional—if a prisoner is able to pay for medical care, requiring such payment is not "deliberate indifference to serious medical needs"); *Holmes v. Howard*, Civil No. 06-1041, 2007 WL 505360, at *6 (W.D. Ark. Feb. 14, 2007) ("Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so.") (citations omitted). Plaintiff has failed to state a claim based on prescription charges.

### D.  Personal Participation

Plaintiff has failed to allege how the defendant personally participated in any of the alleged deprivations of his constitutional rights.  Plaintiff's Complaint does not mention Defendant Friend in the body of the Complaint.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)

("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision."  *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Because Plaintiff has not alleged the personal participation or supervisory liability of the only named defendant, the Complaint is subject to dismissal.

### E.  PREA

Plaintiff states the LCJ has "no posted or available 'PREA' access."  Complaint, ECF No. 1, at 7.  Plaintiff cannot sue for violation of the PREA.  The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study

commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); *see also Burke v. Corr. Corp. of Am.*, No. 09-3068-SAC, 2010 WL 890209, at *2 (D. Kan. Mar. 10, 2010); *Moreno v. Corizon Medical Provider*, No. 16-CV-01063, 2017 WL 3052770, at *2 (D.N.M. June 21, 2017); *Moorman v. Herrington,* No. 4:08CV-P127-M, 2009 WL 2020669, at *2 (W.D. Ky. 2009)(collecting cases); *De'lonta v. Clarke,* No. 7:11–cv–00483, 2013 WL 209489, at *3 (W.D. Va. Jan. 14, 2013); *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 13, 2008). "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The Court concludes that, as a matter of law, Plaintiff cannot pursue a § 1983 claim based on an alleged failure to comply with the PREA.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3149-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 26, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **February 26, 2021**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

DATED:  This 29th day of January, 2021, at Topeka, Kansas.


<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U.S. Senior District Judge**